We're next from Case 23-1115 Best Brands Consumer Products v. Versace 19.69. Today we have an appearance only from the appellant, so no self-rebuttal. So you'll have eight minutes, Mr. Cohen, when you're ready to proceed. May it please the Court. Best Brands should be awarded its full attorney's fees in this matter for at least three reasons. We mark those as Clauses 9, 13, and 7 in our brief. Those are the clauses relating to suits over indemnities, the clause relating to suits over termination payments, and the clause relating to suits over misrepresentations. I'd like to start with Clause 9. The parties agreed that in the event of a suit over the indemnities, the loser would pay the winner its attorney's fees. It doesn't look like that's intended to apply to a dispute between the parties. Well, we submit that there would be no other interpretation of the clause. Only Best Brands would be suing Versace 1969 over the indemnities. And in fact, they were reciprocal. There was likewise a provision if Versace were to sue Best Brands over indemnities. The only two parties that would sue each other over the indemnities in this suit, in this paragraph, would be the parties suing each other. Is this Appendix 56? I'm sorry? Appendix 56? Yes, Appendix 56. Why is it talking about third parties if we're not talking about third parties? So we're looking now at Clause 9, and it says licensors' indemnification obligations shall apply to any action against any of the indemnities brought by or on behalf of the licensee. So if the licensee were to bring an action against licensor, then the licensee would be entitled to its attorney's fees if it won that suit. And in fact, we can look at this in context with a further provision. If one looks at the very end of that paragraph, the Section 13 refers to a goodwill indemnity. And that's a uniquely European law provision. In Europe, there's this concept of a goodwill indemnity in which after an agreement is over, the licensor has to pay the licensee for the goodwill that the licensee accrued. So Versace 1969 would have to pay Best Brands for the goodwill that it built up. That can only refer to a suit between the parties. No one else is involved in that transaction. So why isn't it called a fee-shifting provision then instead of an indemnification provision? Well, the way that the parties refer to it above in this clause, what we marked as clauses 1 and 2, it says indemnifies each of them against any claims, et cetera, including reasonable attorney's fees. Right, but it's within an indemnification. We normally see this in contracts where the parties say, hey, if I have to sue you to assert my rights under this contract and I win, you have to pay my fees and vice versa. So this is set up under the heading of an indemnification agreement. Yes, because Versace 1969 is an Italian entity and the way that they grafted this agreement, which is construed against them because they're the drafter, is they refer to this as an indemnity, just like they refer to this concept of a goodwill indemnity, which again is a European law type of provision. But they do say expressly including reasonable attorney's fees. There's no ambiguity that it was meant to include attorney's fees. So under that provision that we called 9, Best Brands actually won indemnification of the fees in connection with the California suit. It asked for its attorney's fees. The court below granted its attorney's fees. The fact that it had to sue here and bring a suit over the indemnities means it's entitled to the attorney's fees for this suit under Clause 9. And we note that the court below did not address this clause at all. It addressed only a limited portion of Paragraph 12C. I'd like to move to the second point, suits over indemnification payments, which is Clause 13. In that clause, there is again a provision for indemnification in any suits over termination payments. And that's what Best Brands brought here. Best Brands maintained that there was termination of the agreement because it was frustrated of its purpose. It couldn't fulfill it due to other suits. And then it asked for its payment back, its advance payment back. And the court granted that payment. The court found it was entitled to its payment back. Since Best Brands won on the termination payment, under Clause 13, it's entitled to indemnification of its attorney's fees back. It's entitled to attorney's fees for winning this particular suit on that clause. And again, this is another provision which the court did not address. And if we look once again at the point that I made earlier, the termination payment and goodwill indemnity are both in the same clause, showing that there was an intention to include suits between the parties themselves. Since again, a goodwill indemnity could only be between the parties. And likewise, a termination payment could only be between the parties. No one is going to be paying each other termination payments under this contract other than Versace to Best Brands or Best Brands to Versace. They're the only two parties, so any termination payment would be between them. That's the only way to interpret it, a suit between the parties. Is that the only way to interpret it? That's the way that we see it, because the termination payment would be made by Best Brands if it was entitled to it from Versace, or from Versace the other way if it was the other one that terminated. We don't see how anyone else would be entitled to a termination payment for termination of this contract. That's the only interpretation that seems likely. And under Breed, under the case in Breed, we have to look if there's any other inference, and if there's no other inference, it's intended to cover first-party actions. And the last point that I'd like to make about reasons for attorneys' fees is the Clause 7, misrepresentations. Best Brands sued here for misrepresentations by Agent Valero, and the court found that it was entitled to a verdict on that, to a decision on that, and that Valero had made misrepresentations. That being said, under Clause 7, it's entitled to its attorneys' fees having brought and won that suit. And once again, that's the type of clause, or actually this particular type of clause, is, unlike the others in some respects, that it's a third-party action. This doesn't even fall under the Hooper issues and doesn't fall under those requirements because it sued Valero, a third party. The court did address this provision briefly, but it only looked at the sentences above. It didn't look at the very next sentence, which says, any action. It looked at the earlier section, which refers to suits against Best Brands, but it didn't refer to the very next sentence, which we refer to as Clause 7, which refers to suits of any action. That is very broad, and it would apply to, clearly, or under the language, a suit by Best Brands for misrepresentations. There's no limitation there. If there are any other questions about the attorneys' fees, I'd like to move on to one other issue for clarification of the reply brief issue. Namely, we'd like to bring up the issue of reply briefs because there's a split below in the district courts. What was the harm? What's the harm? You haven't told us in your briefing what the harm was from that issue. You're asking us to clarify the standard without saying that this actually harmed you in your litigation. Well, it harms us because we raised the goodwill indemnity issue in our reply brief, so we would respectfully ask that that issue be considered, and our reply brief was stricken. So that's the harm, that you didn't raise the goodwill indemnity question in your main objection brief. You did raise it on reply. It was a response, yes. Can you explain that to us in your briefing? Because I couldn't find what you were saying were harmed. You talk about this is a really interesting and confusing issue. You should clarify it, which is a very nice public interest issue, but not really what we do. It is correct that we didn't focus in on it. We mainly raised the fact that the reply shouldn't have been stricken, and as a consequence of that, the reply had this discussion of the goodwill indemnity in response to Versace 1969's brief. That's how it actually came up. And in terms of the reply, we submit that when you interpret Rule 72 in conjunction with the local rules, the local rules permit reply briefs. They're optional but not required. So that's why we submit that the reply brief should be allowed in general, and the clarification would be helpful both for this case and in general because of the district's split below. We also note that Section 636B1C refers to the fact that objections should be made in accordance with the local rules, and we say the local rules support us on that position regarding the reply brief. I'm sorry. Is this your claim for declaratory relief? No, I'm sorry. This was our claim that the reply brief should have been considered by the court and should not have been stricken on the grounds that the local rules permit reply briefs. They're optional but not required. That's our position on the reply brief. I would note on declaratory relief, that point has actually become moot, so the court actually does not need to address it anymore, the reason being that the term of the contract has, by its very nature, had a certain limited amount of years. It's already, because of the length of this litigation, it's now over in any event, so the court actually does not need to address the declaratory judgment issue just for the court's convenience and judicial economy. And so the only issues remaining are? Yes, the issue regarding attorney's fees under the particular clauses I mentioned, and the issue, if the court reaches it, regarding the reply brief, the striking of the reply brief, and whether reply briefs are permitted in conjunction with objections to magistrate reports. Well, you say that's the only issue. If the reply brief shouldn't have been stricken, then is there more to your argument? We raised that, and I raised the goodwill indemnity issue. That would be the portion of the reply brief that we wanted to get in. So the court could address it as a matter of law. It could take judicial notice of the meaning of a goodwill indemnity with respect to European legal provisions, or if the court wanted to reach the reply brief issue, we did raise it in the reply brief, but in any event, at docket 128-1 and dash 2. The most important issue, though, for us, of course, is the issue on the attorney's fees, and the attorney's fees issue, there's no question. If the reply brief shouldn't have been stricken, should this go back to the district court to consider what you say in your reply brief? The court doesn't need to do so because it can reach the goodwill indemnity argument that I made as a matter of law because the court can interpret the goodwill indemnity provision just in terms of interpreting the provisions de novo. Goodwill indemnity is a European legal concept. We raised that to the district court below, but this court doesn't have to send it back to address that concept unless it feels that that one issue is required in order to rule on our attorney's fees issue. And then what would you be asking us to do? We would ask that the court reverse on the issue of attorney's fees so that we could go back to the- No, that the court take cognizance of the contents of the reply brief, namely that we made the goodwill indemnity argument, or if it feels that that argument needs to be considered for attorney's fees, that it ask the court to consider it. We think that there's enough on clauses 9 and 13 and 7, even without the goodwill indemnity for reversal, that's an alternative grounds that the court doesn't have to send back to the district court. I guess I wasn't clear. Sure. If we think that a reply brief should not have been stricken, what do you want us to do with what you say in your reply brief? We would like the court to consider the fact that the goodwill indemnity clause, which is part of clause- But you say consider a fact. That doesn't get you very far, does it, if we just consider something? Well- You want a ruling, presumably. Yes. What ruling do you want if the reply brief shouldn't be stricken? We would like a ruling that the goodwill indemnity clause of 13 further supports a finding that the parties had agreed to attorney's fees between them in suits directly between them. That that clause, goodwill indemnity in 13, which we note in our reply brief, further supports our position that we're entitled to attorney's fees in direct actions. The actions directly- So it's a further argument in support of attorney's fees? Yes, that's correct. Is it an argument in support of additional attorney's fees? No, it's an alternative argument in support of attorney's fees in addition to the arguments that we made. And if the court doesn't need to get to that argument because it finds that the other arguments are sufficient, then it doesn't need to reach the reply brief issue at all. Thanks. Counsel, before you step back, let me just advise you that about 30 years ago, the term in federal court for magistrate judges was changed from magistrate to magistrate judge. In your papers, you regularly refer to Judge Aaron sometimes as magistrate Aaron, or you refer to magistrate court. It is always, always magistrate judge. Thank you for that, Your Honor. That's helpful. Thank you, Counsel. Thank you.